IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20172
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO MAYORGA-MENDOZA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-747-1
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Antonio Mayorga-Mendoza (Mayorga) appeals his conviction and
the sentence he received after pleading guilty to illegal reentry
in violation of 8 U.S.C. § 1326(a) and (b)(2).  Mayorga argues
that the indictment against him violated the Fifth and Sixth
Amendments because it lacked an allegation that he acted with the
requisite general intent.  He acknowledges that his argument is
foreclosed by this court's precedent in United States v. Guzman-
Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 121 S.
Ct. 2600 (2001), and United States v. Berrios-Centeno, 250 F.3d

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

294, 296 (5th Cir. 2001), <u>petition for cert. filed</u>, (Jul. 24, 2001)(No. 01-5535), but wishes to preserve the issue for review by the Supreme Court.

Because Mayorga failed to challenge the sufficiency of the indictment at trial or that he was prejudiced from the alleged deficiency in the indictment, this court reviews the sufficiency of the indictment under the standard of "maximum liberality." <u>Guzman-Ocampo</u>, 236 F.3d at 236 & n.1.  Under this standard, the indictment is sufficient if under any reasonable construction it charges the offense for which the defendant stood convicted. In <u>Berrios-Centeno</u>, 250 F.3d at 296, the court examined language identical to the language in the indictment against Mayorga and held that it sufficiently alleged a general intent to reenter. Accordingly, Mayorga's conviction and sentence are AFFIRMED.